UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

FARMER'S AND MINER'S BANK,            )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )   No. 6:15-CV-64-HAI
                                       )
TERRY LEE,                             )   MEMORANDUM OPINION & ORDER
EASTERN KENTUCKY MINING, INC.,         )
and KEY-WAY, LLC,                      )
                                       )
    Defendants.                        )

\*\*\* \*\*\* \*\*\* \*\*\*

The Court considers cross motions for summary judgment from Plaintiff Farmer's and Miner's Bank and Defendants Eastern Kentucky Mining, Inc. ("Eastern Kentucky Mining") and Key-Way, LLC ("Key-Way"). D.E. 44 and 45. Because, after a full consideration of the record and governing law, the Court finds that no genuine dispute as to any material fact exists and that Plaintiff is entitled to judgment as a matter of law, the court grants Plaintiff's Motion for Partial Summary Judgment and denies Defendants' Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are undisputed.

On August 11, 2008,[1] Terry Lee, Richard Collett, and Rafe Collett, individually and on behalf of LC&C Energy, Inc., ("Debtors") signed a commercial security agreement ("Security Agreement") granting Farmer's and Miner's Bank (the "Bank") a security interest in certain equipment, including a Caterpillar 988G Serial #BNH000349 ("Caterpillar 988G"), a Caterpillar

---

[1] The Security Agreement is dated August 11, 2008. D.E. 44-3 at 8. The Affidavit of Bill Sage states that the Security Agreement is dated August 11, 2006. D.E. 44-3 at 2. This difference is immaterial given that Defendants' claim a lien effective as of July 30, 2013.

773D Serial #7CS00179, and a SKF 50 Drill Serial #1R68Z44, together with "all parts, accessories, repairs, improvements, accessions, substitutions, and replacements anytime hereafter made or acquired." D.E. 44-3 at 8. Farmer's and Miner's Bank filed an initial UCC-1 financing statement ("Financing Statement") with the Kentucky Secretary of State on August 11, 2008, describing this equipment. D.E. 44-3 at 11. On August 26, 2012, Debtors signed a promissory note for an original principal amount of $817,305.14. ("Promissory Note"). D.E. 44-3 at 5. The Promissory Note stated that Debtors promised to pay interest at the rate of 7.00% per year on the original sum of $817,305.14 from August 26, 2012, until January 9, 2016. D.E. 44-3 at 5. If Debtors failed to make a payment, the Promissory Note provided that the Bank could accelerate the debt. D.E. 44-3 at 6. Additionally, if payment was more than fifteen days late, Debtors promised to pay a late charge of 6.00% of the late amount with a minimum of $6.00. D.E. 44-3 at 5. Plaintiff filed a continuation statement on June 20, 2013. D.E. 44-3 at 14. Plaintiff also filed an amendment to the initial Financing Statement ("UCC Amendment") on October 29, 2013. D.E. 44-3 at 16. The UCC Amendment stated that the type of amendment was a "Collateral Change - Delete," referenced the initial Financing Statement, and indicated that the amendment covered the Caterpillar 773D Serial #7CS00180 and the SKF 50 Drill Serial #1R68Z44. D.E. 44-3 at 16.[2] Debtors defaulted on the Promissory Note and Farmer's and Miner's Bank accelerated the debt per the Promissory Note on April 18, 2014. D.E. 44-3 at 3.

LC&C Energy, Inc. entered into a Contract Mining Agreement and Security Agreement ("Contract Mining Agreement") with Eastern Kentucky Mining, Inc. on November 2, 2012. D.E. 45-3 at 2. According to the Contract Mining Agreement, LC&C Energy, Inc. agreed to provide personal services and skills to mine, remove, stockpile, and prepare coal, and to perform

---

[2] The facts concerning the filing of the UCC Amendment are not in dispute, but its effect is, as discussed below.

all reclamation and environmental obligations to a Phase One release on Eastern Kentucky Mining's leased coal field in Lawrence County, Kentucky. D.E. 45-3 at 2. Additionally, pursuant to the Contract Mining Agreement, LC&C "shall, at all times, operate solely as an independent contractor and not as an agent, employee, or servant of [Eastern Kentucky Mining]." D.E. 45-3 at 3. The Contract Mining Agreement expressly states that LC&C is not an agent of Eastern Kentucky Mining multiple times. *See id*. LC&C defaulted on the Coal Mining Agreement on or before before July 5, 2013, and ceased all mining operations. D.E. 45-2 at 3. When LC&C defaulted on the Coal Mining Agreement, Eastern Kentucky Mining and Key-Way took possession of the Caterpillar 988G.

From September 18, 2015, until September 21, 2015, Eastern Kentucky Mining and Key-Way hired a heavy equipment and repair service to fix and repair the Caterpillar 988G after it was vandalized. D.E. 45-4 at 2. The total for these repairs was $3,603.46. *Id*. Eastern Kentucky Mining and Key-Way hired a transportation company to transport the Caterpillar 988G from Martha, Kentucky to Irvine, Kentucky on September 24, 2015, for $1,500.00. D.E. 45-4 at 3. Defendants also stored the Caterpillar 988G beginning on July 5, 2013, at a cost of $20.00 per day, so that as of July 24, 2017, that cost had risen to $29,200.00. D.E. 45-2 at 3.

Key-Way filed a Notice of Mechanics and Mineral Leasehold Lien ("Mechanics and Mineral Leasehold Lien") ostensibly pursuant to K.R.S. §§ 376.010 and 376.140 in the amount of $23,973.81 on July 30, 2013, with the Lawrence County Clerk. D.E. 45-13 at 2-5. The lien stated it attached to:

> the mineral leasehold (Exhibit A), its improvements, coal produced and the proceeds thereon, as well as the entire interest including all machinery and mining equipment (Exhibit B) of Contractor, LC&C Energy, Inc. . . ., located on the leasehold premises; as well as proceeds . . . (Exhibit C), settlement and the entire

3

real property mineral leasehold interest of the Owner/lessee as referenced and described in Lawrence county records. . . .

*Id*.

The lien stated that Key-Way provided labor and services to LC&C Energy and Eastern Kentucky Mining until LC&C ceased coal production and left the leasehold premises on "approximately July 20, 2013 and has refused to remit the proceeds due Ke[y]-Way, LLC." *Id*. The proceeds, described in Exhibit C to the lien, "are being held improperly at Commercial Bank, 1431 Cumberland Avenue, Middlesboro, Kentucky 40765." *Id*. Exhibit A describes various leaseholds, none of which the parties have identified as the leasehold in question.[3] D.E. 45-13 at 4. Exhibit C lists "[c]oal sale proceeds due subcontractor Key-Way, LLC via Eastern Kentucky Mining, [Inc], at Commercial Bank, Middlesboro in escrow account with amount of $23,973.81." D.E. 45-13 at 5. Exhibit B, which describes the equipment covered by the lien, is noticeably absent from the record. There is no specific mention of the Caterpillar 988G in the Mechanics and Mineral Leasehold Lien.

Plaintiff filed an initial complaint in the Eastern District of Kentucky on April 7, 2015, against LC&C Energy, Inc., Lee, Richard Collett, and Appolo Fuels. D.E. 1.[4] Defendant Lee filed an Answer on June 22, 2015. D.E. 6. Because Plaintiff failed to show cause as to why it failed to serve Ray Collett and Appolo Fuels, District Judge Bunning dismissed the claims against those Defendants without prejudice. D.E. 8. Defendant Lee and Plaintiff entered into an agreement whereby Lee's obligations to Plaintiff will be satisfied by periodic payments and Plaintiff agreed not to proceed with efforts to obtain a judgment against Lee as long as he

---

[3] The leaseholds described are: Goldie Collier Lease, Deed Book 76 Page 170; A J Barley Lease, Deed Book 210 Page 86; James Bartley, Deed Book 280 Page 349; Anthonie Maxi, Deed Book 231 Page 91; Debra Slone, Deed Book 295 Page 31.
[4] Ray Collett was not named as a Defendant because he filed for Chapter 7 Bankruptcy on January 13, 2015. D.E. 1 at 3.

complied with the terms of the agreement. D.E. 12. By oral motion of Plaintiff, Judge Bunning dismissed the claims against LC&C Energy. D.E. 14.

Plaintiff subsequently filed an Amended Complaint on March 7, 2016, omitting Defendants LC&C Energy, Appolo and Ray Collett, and joining Defendants Eastern Kentucky Mining and Key-Way. D.E. 15. Defendants Eastern Kentucky Mining and Key-Way filed a joint answer to the amended complaint, a counterclaim against Farmer's and Miner's Bank, and a crossclaim against Lee on June 27, 2016. D.E. 22. The parties consented to the jurisdiction of the undersigned for all proceedings. D.E. 29 at 2.

Plaintiff filed a Motion for Partial Summary Judgment on July 7, 2017. D.E. 44. Defendant Lee supports Plaintiff's Motion for Partial Summary Judgment. D.E. 43. Defendants Eastern Kentucky Mining and Key-Way filed a combined Motion for Summary Judgment and response to Plaintiff's Partial Motion for Summary Judgment on July 25, 2017. D.E. 45 and 46. Plaintiff filed a combined Reply to Defendants' Response and a Response to Defendants' Motion for Summary Judgment on August 15, 2017. D.E. 48. The motions are ripe for review.

## SUMMARY JUDGMENT STANDARD

The Court shall grant a motion for summary judgment if the movant identifies each claim or defense, or part of each claim or defense, on which it seeks summary judgment and shows that "there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Kand Med., Inc. v. Freund Med. Prods., Inc.*, 963 F.2d 125, 127 (6th Cir. 1992). A motion under Rule 56 challenges the viability of the other party's claim by asserting that at least one essential element of that claim is not supported by legally sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

The moving party does not need his own evidence to support this assertion, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrates that a factual question remains for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003). "A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts." *United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993).

The Court reviews all of the evidence presented by the parties in a light most favorable to the responding party and draws all reasonable factual inferences in her favor. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). If the applicable substantive law requires the responding party to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey v. Hollenback*, 113 F.3d 639, 642 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1444 (6th Cir. 1993).

**ANALYSIS**

In its motion for partial summary judgment, Plaintiff contends that there are no issues of material fact and that it is entitled to a judgment as a matter of law. D.E. 44-1. Plaintiff seeks a judgment that Eastern Kentucky Mining and Key Way do not have a valid lien on the Caterpillar 988G, or, alternatively that Plaintiff's security interest in the Caterpillar 988G is superior to Defendants' lien, and that therefore it is entitled to possession of the Caterpillar 988G. *Id*.

Defendants filed a Motion for Summary Judgment, contending that they are entitled to a judgment as a matter of law. D.E. 45. Defendants unsurprisingly seek a judgment declaring that Eastern Kentucky Mining and Key-Way have a valid lien on the Caterpillar 988G in the amount of $34,303.46, representing storage, transportation, and repair costs; that their lien is prior and superior to Plaintiff's security interest; and that Plaintiff's lien is invalid due to Plaintiff filing the UCC Amendment on October 29, 2013. D.E. 45-2. The parties agree that Kentucky substantive law governs their claims.

## I. Eastern Kentucky Mining and Key-Way's Purported Mechanics and Mineral Leasehold Lien

Defendants argue that they are entitled to possession of the Caterpillar 988G due to having a statutory lien as described in the Notice of a Mechanics and Mineral Leasehold Lien filed with the Lawrence County Clerk on July 30, 2013. D.E. 45-13. Kentucky Revised Statute § 376.140 provides:

> Any person who performs labor or furnishes materials, supplies, fixtures, machinery or other things of value to a lessee holding or owning a leasehold, or any right conferred by a lease, relating to oil, gas or other minerals, in the development or improvement of the leasehold, by contract with or by the written consent of the owner or the agent or representative of the owner of the leasehold, shall have a lien on the leasehold or the entire interest of the lessee including oil or gas wells, machinery and equipment, to secure the payment for the labor or things furnished.

KY. REV. STAT. ANN. § 376.140(1) (West).

Plaintiff argues that K.R.S. § 376.140 only applies to property belonging to a lessee holding or owning a leasehold, and since the Caterpillar 988G belongs to LC&C, Defendants cannot assert a lien over it. The Court agrees that the statute does not apply on these facts. Eastern Kentucky Mining was the leaseholder of the coal mine, LC&C was the mining contractor. D.E. 45-2 at 2. Eastern Kentucky Mining and Key-Way argue that LC&C acted as

7

an agent on behalf of Eastern Kentucky Mining when it brought the Caterpillar 988G onto the mining operation. D.E. 45-1 at 6. However, this claim is expressly refuted by the evidence relied upon by Eastern Kentucky Mining and Key-Way.[5] *See* D.E. 45-3 at 3. The statute plainly does not create a lien in favor of Eastern Kentucky Mining or Key-Way.

Additionally, Eastern Kentucky Mining and Key-Way have failed to produce evidence that their purported lien applies to the Caterpillar 988G. A person claiming a mechanics and mineral leasehold lien must file a statement of the amount due, with all credits and setoff known to him, a description of the property intended to be covered by the lien "sufficiently accurate to identify it," the owner's name, and whether the materials were furnished or the labor performed by contract with the owner or a subcontractor. KY. REV. STAT. § 376.080(1) (West).[6] This requirement exists because "[t]he lien creates no right in personam against the owner of the property, but only a right in rem against the property, and therefore, in order that the property may be held in lien for the account, it is necessary that a description of it be given." *Powers v. Brewer*, 38 S.W.2d 466, 469 (Ky. 1931). The lien provided by Eastern Kentucky Mining and Key-Way does not include a description of the property. The lien states that it attaches to "the mineral leasehold (Exhibit A), its improvements, coal produced and the proceeds thereon, as well as the entire interest including all machinery and mining equipment (Exhibit B) of Contractor, LC&C Energy, Inc. . . ." D.E. 45-13 at 2. The record contains Exhibit A, but Exhibit B is noticeably absent. There is no way for the Court to determine what property the lien covers, let

---

[5] The Contract Mining Agreement and Security Agreement expressly states, "[LC&C Energy] shall, at all times, operate solely as an independent contractor and not as an agent, employee, or servant of [Eastern Kentucky Mining] . . . [LC&C Energy] is not, and shall not represent itself to be a partner, joint venturer, agent, or representative of [Eastern Kentucky Mining] . . . Nothing herein shall be deemed to . . . construe [LC&C Energy] as an agent of [Eastern Kentucky Mining] for any purpose." D.E. 45-3.

[6] K.R.S. § 376.140(3) provides that "[t]he provisions of KRS 376.010 and KRS 376.080 to 376.130 shall apply to the lien provided for in subsection (1) of this section. When necessary for the purposes of such application, 'owner' shall be construed to mean 'lessee' and 'property' to mean 'leasehold.'

alone whether or not it covers the 988G Loader. Additionally, there is no way for the Court to determine from Exhibit A whether any of the leaseholds listed in Exhibit A are the leasehold at issue in this case. Therefore, there is no way for the Court to determine whether this lien attaches to the Caterpillar 988G.[7] Eastern Kentucky Mining and Key-Way have failed to support their assertion that Key-Way properly filed notice of a lien that applies to the equipment at issue in this case.

## II. Farmer's and Miner's Bank's Security Interest

Plaintiff claims that it has the right to immediate possession of the Caterpillar 988G because of its properly-perfected superior security interest in the collateral. D.E. 44-1. Kentucky has adopted the Uniform Commercial Code in Kentucky Revised Statute Chapter 355. According to K.R.S. § 355.9-203, "[a] security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral . . . ." KY. REV. STAT. § 355.9-203(1) (West). A security interest becomes enforceable against the debtor and any third parties if "(a) [v]alue has been given; (b) [t]he debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and (c) . . . [t]he debtor has authenticated a security agreement that provides a description of the collateral[.]" KY. REV. STAT. § 355.9-203(2) (West). A creditor perfects its security interest in equipment collateral, like the Caterpillar 988G, when it files a financing statement with the Secretary of State. KY. REV. STAT. ANN. § 355.9-310(1) (West). Once a creditor files a financing statement, it must file a continuation statement within six months of the five-year deadline, or the security interest will lapse. KY. REV. STAT.

---

[7] Defendants also filed a Contract Mining Agreement between Eastern Kentucky Mining and LC&C (D.E. 45-3), a promissory note in which LC&C Energy promises to pay Wayne Lackey $75,000.00 (D.E. 45-12), and a security agreement that grants Wayne Lackey a security interest in a 2005 Hitachi eye Serial #HCM18800L00002112 (D.E. 45-12 at 4). None of these documents grant a security interest in the Caterpillar 988G or even mention the disputed collateral.

ANN. § 355.9-515(4) (West). In terms of priority, a perfected security interest takes priority over an unperfected security interest. KY. REV. STAT. ANN. § 355.9-322(1)(b) (West). Absent exceptions discussed below, if two creditors have perfected security interests in the same collateral, the first party to file or perfect will gain priority. KY. REV. STAT. § 355.9-322(1)(a) (West).

The parties agree that (1) Plaintiff made a loan to the Debtors on August 26, 2012, (2) Debtors granted Plaintiff a security interest in the Caterpillar 988G on August 11, 2008, (3) Plaintiff properly filed the financing statement with the Kentucky Secretary of State on August 11, 2008, and (4) Plaintiff maintained this security interest by filing a continuation statement on June 20, 2013. D.E. 45-2, 44-3. Therefore, Plaintiff properly perfected its security interest in the Caterpillar 988G. Eastern Kentucky Mining and Key-Way do not dispute that the Bank properly accelerated the amount owed under this loan on April 18, 2014, because Debtors failed to pay certain payments when they were due. D.E. 44-3. However, the parties do dispute whether Plaintiff deleted the Caterpillar 988G from its collateral when it filed the UCC Amendment. D.E. 45-1 at 4-5, D.E. 48 at 2.

The disputed UCC Amendment is entitled "UCC FINANCING STATEMENT AMENDMENT." D.E. 44-3 at 16. It includes the initial financing statement file number, states that the type of amendment is a "Collateral Change – Delete," and lists "FARMERS AND MINERS BANK" as the name of the secured party of record authorizing the amendment. *Id*. Box four on the amendment form says "This FINANCING STATEMENT covers the following collateral: CATERPILLAR 773D SERIAL #7CS00180 SKF 50 DRILL SERIAL #1R68Z44." *Id*.

Defendants claim that the UCC Amendment deleted the Caterpillar 988G from the initial financing statement because the amendment indicates that it only covers the collateral listed on the amendment form. D.E. 45-2 at 4. Defendants state, "[t]hat [the UCC Amendment] on its face indicates that there is a 'collateral change- delete' and in paragraph 4 states 'This Financing Statement covers the following collateral . . . .'" *Id.* Therefore, according to Defendants, Plaintiff deleted all of the collateral covered by the initial security agreement *except* the Caterpillar 773D Serial #7CS00180 and the SKF Drill Serial #1R68Z44 by filing the UCC Amendment. Plaintiff argues that the amendment only deleted the collateral listed on the amendment form and that it retains an interest in the remaining collateral listed in the security agreement, namely the Caterpillar 988G. D.E. 48 at 3.

Defendants' arguments regarding the UCC Amendment have no merit. Kentucky Revised Statute § 355.9-512(1) governs amendments to filing statements, and states:

> "(1) Subject to KRS 355.9-509, a person may add or delete collateral covered by, continue or terminate the effectiveness of, or[ ] . . . otherwise amend the information provided in, a financing statement by filing an amendment that: (a) Identifies, by its file number, the initial financing statement to which the amendment relates; and (b) If the amendment relates to an initial financing statement filed in a filing office described in KRS 355.9-501(1)(a), [8] provides the information specified in KRS 355.3-502(2)."

KY. REV. STAT. ANN. § 355.9-512(1) (West).

According to K.R.S. § 355.9-509, a person may file an amendment deleting collateral if they have the authorization of the secured party of record. KY. REV. STAT. ANN. § 355.9-509(4)(a) (West). A debtor to a security agreement authorizes the filing of an amendment

---

[8] K.R.S. § 355.9-501(1)(a) describes the requirement that, under Kentucky law, financing statements or agricultural liens to perfect security interests in as-extracted collateral, timber to be cut, or fixture filings to perfect goods that are to become fixtures must be filed in the office designated for the filing of a record of a mortgage in the related real property. The statute also describes the proper location to file a financing statement to perfect a security interest in collateral of a transmitting authority. Financing statements to perfect security interests "in all other cases" should be filed in the Office of the Secretary of State. KY. REV. STAT. ANN. § 355.9-501(1)(a).

covering the collateral described in the security agreement and any identifiable proceeds. KY. REV. STAT. ANN. § 355.9-509(2) (West). Plaintiff was the secured party in the Security Agreement and Debtors provided authorization by signing the Security Agreement. D.E. 44-3. Therefore, K.R.S. § 355.9-512(1) authorized Plaintiff to make the amendment. Plaintiff referenced the initial financing statement number in the UCC Amendment form. D.E. 44-3 at 16. Therefore, Plaintiff properly filed the Amendment.

Clearly, the Amendment deleted *only* the Caterpillar 773D Serial #7CS00180 and the SKF Drill Serial #1R68Z44 from the collateral listed in the initial Financing Statement instead of deleting everything *except* the Caterpillar 773D Serial #7CS00180 and the SKF Drill Serial #1R68Z44. The Amendment form states, "[*t*]*his* FINANCING STATEMENT covers the following collateral[,]" (emphasis added). This refers to the UCC Amendment instead of the initial Financing Statement. Therefore, there is no issue of material fact and the only question remains whether Plaintiff or Eastern Kentucky Mining and Key-Way are entitled to summary judgment as a matter of law.

### III. Priority

Plaintiff has sufficiently supported its assertion that it has a perfected security interest in the Caterpillar 988G while Defendants have failed to support their assertion that they have a valid lien on the equipment. However, even if the Court were to assume that Defendants have a valid lien on the Caterpillar 988G, Plaintiff's perfected security interest is superior. In order to gain priority, the secured party would ordinarily have to prove that they were the first to file or perfect. KY. REV. STAT. ANN. § 355.9-322(1)(a) (West). However, Kentucky law provides exceptions for particular types of liens. For example, a lien on motor vehicles for repairs, storage, or accessories enjoys priority over a properly perfected security interest, regardless of

who filed first. *Central Trust Co. v. Dan's Marina*, 858 S.W.2d 211 (Ky. Ct. App. 1993). A lien under K.R.S. § 376.140, upon which Defendants rely, however, is treated differently. The mineral leasehold lien under K.R.S. § 376.140 is subject to the provisions in K.R.S. § 376.010. This statute provides that:

> The lien *shall not take precedence* over a mortgage or other contract lien or bona fide conveyance for value *without notice, duly recorded* or lodged for record according to law, unless the person claiming the prior lien shall, before the recording of the mortgage or other contract lien or conveyance, file in the office of the county clerk of the county wherein he has furnished or expects to furnish labor or materials, and the amount in full thereof.

KY. REV. STAT. ANN. § 376.010(2) (West) (emphasis added).

This is often described as a "race to the courthouse." "Compliance with the recordation and notice provisions of K.R.S. § 376.080 and K.R.S. § 376.010(3) will preserve and perfect the lien, but to protect it against a bona fide purchaser for value without notice K.R.S. § 376.010(2) expressly requires the claimant to get to the court house first." *Walker v. Valley Plumbing*, 370 S.W.2d 136, 138 (Ky. Ct. App. 1963). Therefore, Key-Way's purported lien does not have priority unless Key-Way duly recorded a notice or filed an expectation statement before the other contract lien or conveyance. The Notice of Mechanics and Mineral Leasehold Lien provided by Defendants was filed on July 30, 2013. D.E. 45-13 at 5. Plaintiff filed the Financing Statement on August 11, 2008. D.E. 44-3 at 11. It is clear from the undisputed facts that Plaintiff filed the financing statement long before the Notice of Mechanics and Mineral Leasehold Lien. Therefore, Plaintiff is entitled to summary judgment as a matter of law.

As a final matter, Defendants assert that *Central Trust Co.* supports their claim of priority. Although *Central Trust Co.* involves a mechanics lien filed under K.R.S. § 376.270,

13

Defendants argue that there is a sufficient analogy between the cases. *Central Trust Co.* also involved a lien filed by a company that provided towing, repair, and storage services. *Central Trust Co.*, 858 S.W.2d at 212. However, *Central Trust Co.* can be materially distinguished from this case because it involves a mechanics lien under K.R.S. § 376.270, whereas Defendants rely upon KRS § 376.140. That statute subordinates Defendants' purported lien. The Court must rely upon the applicable statutory language instead of pigeonholing another statute into the facts of this case.

## CONCLUSION

The record conclusively establishes that LC&C, Lee, Collett, and Collett provided Plaintiff a security interest in the Caterpillar 988G, Plaintiff properly perfected the security interest by filing the Financing Statement on August 11, 2008, and then maintained it by timely filing a continuation statement. Additionally, there is no genuine dispute that the UCC Amendment filed on October 29, 2013, did not delete the 988G collateral from the initial financing statement.

Defendants have failed to produce evidence to dispute the priority of Plaintiff's lien. Even if Defendants obtained a lien, they did not file it prior to Plaintiff's Financing Statement and there is no genuine dispute of material fact. Plaintiff is entitled to partial summary judgment as a matter of law.

Therefore, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's Motion for Partial Summary Judgment (D.E. 44) is **GRANTED**;

(2) Defendants' Motion for Summary Judgment (D.E. 45) is **DENIED**;

(3) Plaintiff is entitled to possession of the Caterpillar 988G Serial #BNH000349 pursuant to the August 11, 2008, commercial security agreement and pursuant to K.R.S. §355.9-601; and

(4) A teleconference **SHALL** occur on November 3, 2017, at 11:30 a.m. to discuss the status of this case given the rulings above. Counsel shall call in using the instructions located at D.E. 42.

This the 19th day of October, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge